IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

           Plaintiff,                             ORDER

      v.                                            04-CR-97-C-01

CHAD V. DAMPIER,

           Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

A hearing on the probation office's petition for judicial review of Chad V. Dampier's supervised release was held in this case on September 26, 2008, before Chief United States District Judge Barbara B. Crabb. The government appeared by Assistant United States Attorney Rita M. Rumbelow. Defendant was present in person and by counsel, Erika L. Bierma. Also present was Senior United States Probation Officer Michael Harper.

From the record and defendant's stipulation I make the following findings of fact.

FACTS

Defendant was sentenced in this court on November 18, 2004, following his conviction for felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). This offense is a Class C felony. He was committed to the custody of the Bureau of Prisons to serve a term of imprisonment of 51 months, with a three-year term of supervised release to follow. On October 26, 2005, the custodial portion of the sentence was reduced to 40

months' imprisonment.

Defendant began his supervised release on May 25, 2007. On August 28, 2008, he violated Special Condition No. 5, which requires him to complete a 120-day residential reentry center placement, by absconding from Rock Valley Community Programs. Defendant's conduct falls into the category of a Grade C violation. Section 7B1.3(a)(2) of the advisory guidelines provides that the court may revoke, extend or modify supervised release upon a finding of a Grade C violation.

CONCLUSIONS

Defendant is in need of drug treatment in a secure setting. Accordingly, the three-year term of supervised release imposed on defendant on November 18, 2004, will be revoked. With a Grade C violation and a criminal history category of IV, defendant has an advisory guideline term of imprisonment of 6 to 12 months. The statutory maximum sentence that can be imposed is two years because defendant's original conviction was for a Class C felony.

After reviewing the non-binding policy statements in Chapter 7 of the Sentencing Guidelines, I have selected a sentence at the statutory maximum. The intent of this sentence is to hold defendant accountable for his violation, protect the community, and provide him an opportunity to participate in drug treatment while in custody.

ORDER

IT IS ORDERED that the period of supervised release imposed on defendant on November 18, 2004, is REVOKED and defendant is committed to the custody of the Bureau of Prisons for a term of 24 months. I recommend that defendant be afforded an opportunity to participate in the 500-hour residential drug aftercare treatment program offered by the Bureau of Prisons.  No term of supervised release shall follow.

Defendant does not have the financial means or earning capacity to pay the cost of his incarceration.

Entered this 26th day of September 2008.

>BY THE COURT:
>/s/
>BARBARA B. CRABB
>Chief District Judge